UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

_____

Tim Mackey and John Nesse as Trustees of the Minnesota Laborers Health and Welfare Fund, Gary Reed and John Nesse as Trustees of the Minnesota Laborers Pension Fund, James Brady and Martha Henrickson as Trustees of the Minnesota Laborers Vacation Fund, Gary Reed and John Bartz as Trustees of the Construction Laborers' Education, Training, and Apprenticeship Fund of Minnesota and North Dakota, Dan Olson and Chris Born as Trustees of the Minnesota Laborers Employers Cooperation and Education Trust, the Minnesota Laborers Health and Welfare Fund, the Minnesota Laborers Pension Fund, the Minnesota Laborers Vacation Fund, the Construction Laborers' Education, Training, and Apprenticeship Fund of Minnesota and North Dakota, and the Minnesota Laborers Employers Cooperation and Education Trust,

     Plaintiffs,

vs.

Abatetek, Inc.,

     Defendant.
_____

Case No. _____

**COMPLAINT**

     Plaintiffs, as their Complaint against the Defendant, state and allege as follows:

**IDENTITY OF PARTIES, JURISDICTION, VENUE**

     1.     Plaintiffs are Trustees of the Minnesota Laborers Health and Welfare Fund, the Minnesota Laborers Pension Fund, the Minnesota Laborers Vacation Fund, the Construction Laborers' Education, Training, and Apprenticeship Fund of Minnesota

1

and North Dakota, and the Minnesota Laborers Employers Cooperation and Education Trust ("Funds").

2. The Funds are multi-employer jointly-trusteed fringe benefit plans created and maintained pursuant to § 302(c)(5) of the Labor Relations Management Act of 1974 ("LMRA"), as amended, 29 U.S.C § 186(c)(5). The Funds are administered in accordance with the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended 29 U.S.C. § 1001, et seq. The Funds are exempt from federal income taxation pursuant to the Internal Revenue Code.

3. Defendant Abatetek, Inc. ("Abatetek") is a Minnesota business corporation with a registered address of 1810 3rd Avenue, Hibbing, Minnesota 55746. Abatetek is an employer within the meaning of Section (3)(5) of ERISA, 29 U.S.C. § 1002(5).

4. This is an action by the Funds' Trustees as fiduciaries to collect unpaid fringe benefit contribution payments. Subject matter jurisdiction over this controversy, therefore, is conferred upon this Court, without regard to the amount in controversy by ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1); ERISA § 502(f), 29 U.S.C. § 1132(f), ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3); and ERISA § 515, 29 U.S.C. § 1145. Subject matter jurisdiction is also conferred by LMRA § 301, 29 U.S.C. § 185 and the federal common law developed thereunder.

5. The Funds are administered in Dakota County, Minnesota, therefore, venue is proper in this court pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

**FACTS**

6. The Funds re-allege and incorporate by reference paragraphs 1-5 herein.

7.      Abatetek accepted and agreed to be bound to the terms of a collective bargaining agreement negotiated between the Minnesota Environmental Contractors Association and Laborers' District Council of Minnesota and North Dakota on behalf of its affiliated Local Unions with a term of March 1, 2012 through December 31, 2014 ("Collective Bargaining Agreement").

8.      Abatetek is, and continues to be, bound to the Collective Bargaining Agreement.

9.      The Collective Bargaining Agreement provides that Abatetek is bound to the Trust Agreement for each of the following:  the Minnesota Laborers Health and Welfare Fund, the Minnesota Laborers Pension Fund, the Minnesota Laborers Vacation Fund, the Construction Laborers' Education, Training, and Apprenticeship Fund of Minnesota and North Dakota, and the Minnesota Laborers Employers Cooperation and Education Trust.

10.     The Collective Bargaining Agreement requires Abatetek to contribute every month, not later than the 15th day of the following month, contributions to the Funds in an amount set forth in the Collective Bargaining Agreement for each hour worked by its employees covered by the Collective Bargaining Agreement.

11.     The Collective Bargaining Agreement requires Abatetek to accurately report and calculate the contributions due and owing in any given month to the Funds on a remittance report form which must be submitted with Abatetek's monthly payment to the Funds.

12. The Collective Bargaining Agreement states that Abatetek shall be considered delinquent for a particular month if the required report and payment are not postmarked on or before the 15th day of the following month.

13. The Collective Bargaining Agreement requires Abatetek to maintain adequate records to identify the type of work being performed by its employees to allow the Funds to determine whether Abatetek is accurately reporting hours to the Funds. If Abatetek fails to maintain satisfactory records from which the type of work being performed by an individual may reasonably be determined, Abatetek is liable for all of the hours worked by that individual for whom Abatetek is unable to produce satisfactory records verifying the type of work being performed by that individual.

14. The Collective Bargaining Agreement states that if Abatetek becomes delinquent, Abatetek shall be required to pay as liquidated damages an amount equal to 10% of the payment otherwise due.

15. The Collective Bargaining Agreement states that if Abatetek becomes delinquent, Abatetek shall be required to pay interest on all delinquent contributions at the rate prescribed by the Trustees of the Funds in the Trust Agreements.

16. The Collective Bargaining Agreement states that delinquent employers shall be required to pay all costs of collection actually incurred by the Funds, including all attorneys' fees, service fees, filing fees, court reporter fees, and all other fees, costs, disbursements incurred by or on behalf of the Funds in collecting amounts due.

## COUNT I
## BREACH OF CONTRACT/FAILURE TO SUBMIT REMITTANCE REPORTS

17. The Funds re-allege and incorporate by reference paragraphs 1-16 herein.

18.     Abatetek breached the terms of the Collective Bargaining Agreement by failing to timely submit the remittance reports and contributions due and owing for the period of September 2013 through November 2013.

19.     Upon information and belief, Abatetek employed individuals performing work covered by the Collective Bargaining Agreement during the period of September 2013 through November 2013 on whose behalf contributions are due and owing and continues to do so.

20.     Every month, until this matter is resolved either through dismissal or judgment, Abatetek will be obligated to remit fringe fund report forms as described above as required by the Collective Bargaining Agreement and will be required to remit payment for the fringe benefit contributions due pursuant to the hours disclosed.

21.     If Abatetek fails to remit contribution report forms on the 15th day of the month following the month in which work was performed during the pendency of this litigation, the Funds will not have an adequate means of verifying the proper amounts due and owing to the Funds, nor will the Funds have adequate means of ascertaining the proper allocation of such contributions to Abatetek's employees.

22.     In the absence of this Court's order as requested, the Funds are without adequate remedy at law and will be subject to irreparable harm.

23.     Abatetek should be enjoined from further refusal and failure to remit reports and contributions.

## COUNT II
## ERISA DAMAGES

24.     The Funds re-allege and incorporate by reference paragraphs 1-23 herein.

25. Abatetek is liable to the Funds for liquidated damages in the amount of 10% of any contributions due and owing for the period of September 2013 through November 2013 and for any month that becomes due during the pendency of this litigation pursuant to the Collective Bargaining Agreement.

26. The Funds are entitled to liquidated damages or double interest charges under ERISA § 502(g), 29 U.S.C. § 1132(g).

27. Abatetek is liable to the Funds for all attorneys' fees, service fees, filing fees, court reported fees, and other legal costs and disbursements incurred by the Funds in this action pursuant to the Collective Bargaining Agreement.

28. The Funds are entitled to attorneys' fees and costs incurred in this action under ERISA § 502, 29 U.S.C. § 1132.

29. Abatetek is liable to the Funds for interest charges the unpaid contributions pursuant to the Collective Bargaining Agreement.

30. The Funds are entitled to interest under ERISA § 502, 29 U.S.C. § 1132.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs demand judgment of this Court against Defendant Abatetek, Inc. as follows:

1. For an order requiring the Defendant to submit to Plaintiffs all reports or calculations for contributions for the period of September 2013 through November 2013, accurately and completely identifying all hours worked by its employees.

2. For an order requiring the Defendant to submit to Plaintiffs all reports or calculations for contributions which become due throughout the pendency of this litigation, accurately and completely identifying all hours worked by its employees.

3. For judgment for amounts to be proven at trial for delinquent contributions shown to be owing pursuant to those calculations, plus all additional amounts to which the Plaintiffs are entitled, including interest and liquidated damages.

4. For an award of costs, disbursements and attorney fees according to law.

5. Such other and future relief as the Court deems just, equitable or proper.

Date: December 16, 2013

MCGRANN SHEA CARNIVAL
STRAUGHN & LAMB, CHARTERED


By:  s/ Amy L. Court
    Carl S. Wosmek #300731
    Amy L. Court #319004
    800 Nicollet Mall, Suite 2600
    Minneapolis, MN 55402
    Telephone: (612) 338-2525

    *Attorney for Plaintiffs*

707208.DOCX